Dan v. Barr

BIA
Loprest, IJ
A205 262 532

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

PRESENT:
>      ROBERT A. KATZMANN,
>           *Chief Judge,*
>      RICHARD C. WESLEY,
>      DEBRA ANN LIVINGSTON,
>           *Circuit Judges.*

_____

WEN DAN, AKA DAN WENG,
>      *Petitioner,*

>      v.                                     17-789
>                                             NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:          Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Russell J.E.
                         Verby, Senior Litigation Counsel;
                         John D. Williams, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wen Dan, a native and citizen of the People's Republic of China, seeks review of a February 27, 2017, decision of the BIA affirming an April 21, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Dan,* No. A205 262 532 (B.I.A. Feb. 27, 2017), *aff'g* No. A205 262 532 (Immig. Ct. N.Y. City Apr. 21, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of

the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Dan was not credible as to her claim that police detained and beat her for attending an unregistered church in China.

The agency reasonably relied in part on Dan's evasiveness and lack of responsiveness when asked to deviate from her testimony on direct examination, which gave the impression that she was testifying from a script. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). That finding is supported by the record, which reflects Dan's difficulty answering questions directly on cross-examination.

The demeanor finding and the overall credibility determination are bolstered by record inconsistencies. *See*

3

*Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The agency reasonably found that Dan made inconsistent statements regarding whether police raided her church before or after the service had begun and whether her family attended church with her. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Dan did not provide compelling explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotation marks omitted)).

The agency also did not err in noting that Dan's mother's letter omitted that she attended church with Dan, particularly given that the letter discusses Dan's two visits to church in China. *See Hong Fei Gao*, 891 F.3d at 82 (finding no error in agency's reliance on omission from applicant's mother's letter of applicant's beating by police because letter "discusse[d] other post-arrest events"); *see also Xiu Xia Lin*, 534 F.3d at 166-67 & n.3. Furthermore, the agency did not err in finding Dan's explanation for her mother's omission implausible. *See Wensheng Yan v. Mukasey*, 509 F.3d

4

63, 66-68 (2d Cir. 2007) (recognizing that adverse credibility determination may be based on inherent implausibility if the "finding is tethered to record evidence" or based on common sense). Although Dan claimed that her mother did not attend church regularly and did not know that she was attending an underground church, Dan's mother's letter discussed Dan's equally infrequent church attendance and acknowledged that attendance at the church was considered unlawful.

Given the demeanor, inconsistency, and implausibility findings, which call into question Dan's practice of Christianity, her alleged arrest, and her credibility as a whole, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate.[1] *See* *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

---

[1] Because the IJ denied all relief on credibility grounds, Dan's challenge to the adverse credibility determination necessarily included a challenge to the denial of withholding of removal and CAT relief.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court